IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DEMARCO TUDOR, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:19-cv-03392-MDH |
| ) | |
| NEW PRIME INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss or in the Alternative, For More Definite Statement. (Doc. 12). Plaintiff has filed a response and the motion is ripe for review. After full and careful consideration, the Court hereby **GRANTS** Defendants' motion to dismiss for the reasons set forth herein.

## BACKGROUND

Plaintiff commenced this *pro se* action against defendants New Prime, Inc. and Success Leasing, Inc. alleging wrongful termination of an Independent Contractor Operating Agreement ("ICOA") he had with Prime and a termination of Lease Agreement he had with Success. Plaintiff's Amended Complaint states Plaintiff was terminated for "allegedly assaulting a driver" and that the termination resulted in a breach of contract. Plaintiff also states he is an African American male and the other driver involved in the "incident" was a Caucasian woman. Plaintiff alleges "race was a motivating factor for the unequal enforcement of contracts." Plaintiff claims both he, and the female driver, were "equally involved in the incident leading up to termination of plaintiff" and that both drivers "signed the same contract." Plaintiff's amended complaint alleges the female driver was given the option to resign and Plaintiff was not offered that opportunity. Plaintiff also claims Prime did not conduct an internal investigation of the incident.

Tudor was an independent contractor for Prime and drove a truck leased to him by Success. Heidenreich was enrolled in Prime's driver training program and was assigned to Tudor as his driver-trainee. On May 29, 2019, Prime was notified Tudor had been arrested for allegedly assaulting Heidenreich. On May 30, 2019, while Tudor was incarcerated, Prime terminated his independent contractor agreement. Success also terminated his lease agreement. On May 31, 2019, Tudor sent Prime a video of Heidenreich driving in an unsafe manner under his supervision. As a result of the video, Heidenreich was removed from the driver training program and was required to resign her training position. Both Tudor and Heidenreich are prohibited from reapplying for future employment with Prime.

Generally, Plaintiff's complaint alleges he was discriminated against based on his race and gender. Plaintiff alleges he was not treated the same as the other female driver. Plaintiff alleges in Claim 1 that he was discriminated based on race in the making and enforcing of contracts and in Claim 2 Plaintiff alleges breach of contract.

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

**Claim 1 – Discrimination / Disparate Treatment**

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts… as is enjoyed by white citizens…." See 42 U.S.C. § 1981. "To state a claim under § 1981, a plaintiff must plead: '(1) that [the plaintiff] is a member of a protected class; (2) that [the defendant] intended to discriminate on the basis of race; and (3) that the discrimination on the basis of race interfered with a protected activity as defined in § 1981.'" *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 766 (8th Cir. 2016) (quoting *Bediako v. Stein Mart, Inc*., 354 F.3d 835, 839 (8th Cir. 2004).

In support of his claim, Plaintiff alleges he was treated differently than Heidenreich, a Caucasian female, who was "equally involved in the incident" that led to Plaintiff's termination. However, Plaintiff does not allege that Plaintiff and Heidenreich were similarly situated or that they had the same contractual relationship with Defendants. Plaintiff fails to allege that anyone similarly situated to him was treated differently. Plaintiff alleges his contractual relationship was terminated due to him allegedly assaulting a driver and compares his termination to Heidenreich. However, Heidenreich was not similarly situated. First, she was not arrested and further, she did not have the same contractual relationship to Defendants. Plaintiff has failed to allege any

disparate treatment when his allegations involve a driver with a different contractual relationship and different circumstances for her ultimate termination.

Plaintiff's argument that he also had a Training Program contract is not persuasive. At the time of his termination he had fully completed his training and was subject to the independent contractor agreement and lease. Heidenreich was still in training and not subject to those contracts. As a result, even though Plaintiff and Heidenreich had both signed training program contracts at some point, they were not similarly situated at the time of the incident.

### Claim 2 – Breach of Contract

"A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010).

Plaintiff's complaint for breach of contract against Defendants alleges that Heidenreich also violated her contract and was treated more favorably than him. This is not a valid claim for breach of contract. Plaintiff acknowledges that he was equally involved in the incident leading up to his termination, but alleges Defendants treated Heidenreich differently. As previously stated, Plaintiff and Heidenreich did not have the same contract and Plaintiff has failed to state a claim for relief.

### DECISION

For the reasons stated herein, the Court hereby **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED**.

Dated: April 21, 2020 /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**